UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) NO. | S1-4:21CR00291 SEP |
| v. ) | |
| ) | |
| JAWUAN DOWDY, ) | |
| ) | |
| Defendant. ) | |

## GUILTY-PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1.  PARTIES:**

The parties are the defendant Jawuan Dowdy, represented by defense counsel Michael S. Ghidina, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2.  GUILTY PLEA:**

**A.  The Plea:**  Pursuant to Rule 11(c)(1)(A), of the Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to Counts Three and Four of the superseding indictment, the United States agrees to dismiss Counts One and Two at the time of sentencing. The United States further agrees that no further federal prosecution will be brought in this District relative to Defendant's violations of federal law, known to the United States

Page **1** of **14**

at this time, arising out of the events set forth in the indictment.

    **B.**    **The Sentence:**    The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. **The parties further agree to make a joint recommended sentence of 72 months at the time of sentence.** The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

**3.**    **ELEMENTS:**

As to Count Three, the Defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1) and admits there is a factual basis for the plea, and further fully understands that the elements of the crime are:

    **(i)**    The Defendant, possessed a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance;

    **(ii)**    Defendant possessed it knowingly and intentionally; and

    **(iii)**    Defendant did so with intent to distribute it to another person.

As to Count Four, the Defendant admits to knowingly violating Title 18, United States Code, Section 924(c), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

    **(i)**    The Defendant committed the crime of possession with intent to distribute a controlled substance, *i.e.*, fentanyl; and

    **(ii)**    The Defendant knowingly possessed a firearm in furtherance of that crime.

4.   **FACTS:**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On or about June 8, 2021, in St. Louis County, within the Eastern District of Missouri, Defendant possessed with the intent to distribute fentanyl and possessed a firearm in furtherance of a drug trafficking crime.

Detectives with the St. Louis County Intelligence Unit initiated an investigation into a criminal street gang known as "BDG" and "A1MT" related to a series of armed robberies and vehicle thefts. During the course of the investigation, they identified Defendant and Defendant's brother, Jahniy Dowdy, as a members of the gang.

On November 4, 2020, with an active arrest warrant for Defendant's brother, St. Louis County Intelligence Unit Detectives conducted surveillance outside of Defendant's mother's residence in an attempt to locate and arrest Defendant's brother. Detectives observed Defendant arrive in a stolen Dodge Challenger and park after which he exited the driver's seat and entered the residence. Detectives approached the residence and knocked on the front door after which Defendant's mother answered. Detectives advised her that they had a warrant for Jahniy Dowdy and asked if he was in the residence. Defendant's mother advised that Jahniy was in the basement and allowed Detectives inside. After instructing Jahniy to come upstairs he, Defendant and a third individual exited the basement and Jahniy was placed under arrest. During a protective sweep of the residence, Detectives observed a pistol protruding from in between two wooden beams near the ceiling. The firearm was seized and determined to be a

loaded Glock 22 .40 caliber semi-automatic pistol with a large capacity magazine that was stolen.

Defendant was arrested for Tampering 1st of a Motor Vehicle and transported to the Jennings Correctional facility where he was advised of his rights per the *Miranda* decision and interviewed on video. Defendant admitted to having stolen the Dodge Challenger earlier that date. Defendant further admitted to being a member of the "A1MT" gang.

Detectives obtained jail calls made by Defendant on November 5, 2020 from the St. Louis County Justice Center. During the phone calls Defendant admitted that he had placed the Glock in the ceiling of the basement before the police located it.

On May 5, 2021, Defendant was indicted for Felon in Possession of a Firearm and a warrant issued. On June 8, 2021, detectives with the St. Louis County Police Department Criminal Intelligence Unit and the Bureau of Drug Enforcement-Anti Gang Unit executed the arrest of Defendant on the warrant at a residence located at 6028 Margaretta Avenue in St. Louis County. Defendant was located in the kitchen of the residence and placed under arrest. Defendant's girlfriend, ("B.N.") advised that she, Defendant and their infant daughter resided in a bedroom in the front of the residence. B.N. signed a consent to search then escorted detectives to the bedroom where their infant daughter was located in a baby swing. During a search of the bedroom, detectives located and seized an Alien Armory AAT-15 multi-caliber semiautomatic pistol with a dual drum magazine loaded with 62 rounds of ammunition, a Hi-Point C-9 9mm semiautomatic pistol, a Taurus PT11 9mm semiautomatic pistol loaded with 19 rounds of ammunition, a clear plastic bag containing 30 capsules that contained fentanyl, , a clear plastic bag containing 62 capsules that contained fentanyl, a clear plastic baggie containing loose

powder fentanyl, clear plastic gloves with white residue, a clear plastic baggie containing numerous empty blue capsules, a clear plastic baggie containing numerous empty black/clear capsules, a coffee grinder containing white powdery substance/residue, a bottle of Dormin and a "Cap-M-Quick" capsule filler.

As to Count Three, the St. Louis County Police Department Crime Lab tested the suspected controlled substances, which tested positive for a mixture or substance containing fentanyl (total weight 3.66 grams). Expert testimony, in the event of trial, would also establish that the amount of ~~methamphetamine~~ fentanyl* possessed by the defendant and the manner of packaging in the instant case is consistent with the intent to distribute.

*all parties agree on the record on 1/25/22 to this correction of the agreement.

5. **STATUTORY PENALTIES:**

As to Count Three, the defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than twenty years, a fine of not more than $1,000,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of at least three years.

As to Count Four, the Defendant fully understands that the maximum possible penalties provided by law for the crime to which the Defendant is pleading guilty is imprisonment of not less than five (5) years, but not more than life, consecutive to any other sentence imposed; a fine of not more than $250,000; or both such imprisonment and fine. The Court shall impose a period of supervised release of not more than five years. The Defendant fully understands that the crime to which a guilty plea is being entered on Count Three requires a mandatory minimum term of imprisonment of five (5) years consecutive to any other sentence imposed.

6.     **U.S. SENTENCING GUIDELINES: 2021 MANUAL**

The Defendant understands that these offenses are affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply:

**COUNT THREE- POSSESSION WITH INTENT TO DISTRIBUTE FENTANYL**

A.     **Chapter 2 Offense Conduct:**

(i)     **Base Offense Level**:   The parties further agree that, as to Count Three, the base offense level is 12 as found in Section 2D1.1(c)(14). The parties agree that the net weight of the quantity of the controlled substances the defendant possessed with the intent to distribute was less than 4 grams of fentanyl resulting in the base offense level of 12.

(ii)     **Specific Offense Characteristics**:   The parties agree that the following Specific Offense Characteristics apply: None known at this time.

B.     **Chapter 3 Adjustments:**

(i)     **Acceptance of Responsibility**:   The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility.  If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied and Defendant is otherwise eligible, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

**COUNT FOUR- POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME**

    **B.**    **Chapter 2 Offense Conduct**:

        **(i)**    **Base Offense Level**: The parties agree that the Base Offense Level is found in Section 2K2.4(b).

        **(ii)**    **Specific Offense Characteristics**: The parties agree that the following Specific Offense Characteristics apply: None known at this time.

        **(iii)**    **Chapter 3 and 4 Adjustments:** Pursuant to Section 2K2.4(b) and Application Note 5, Chapters Three and Four do not apply. Therefore, as to Count Four, Defendant is not entitled to an acceptance of responsibility reduction under Section 3E1.1.

    **C.**    **Estimated Total Offense Level**:

    **(i)**    **Count Three**: The parties agree that the Total Offense Level for Count Three is

10, unless Defendant is a Career Offender. Depending on the underlying offense and defendant's criminal history, Defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds Defendant to be a Career Offender, the advisory Total Offense Level, with a 3-level reduction of responsibility taken into account, will be a Level 29 with a Criminal History Category score of VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the Defendant is or is not an Armed Career Criminal.

**(ii)** **Count Four**: Based on these recommendations, the parties agree that with respect to Count Four, the Defendant will receive a mandatory minimum sentence of no less than 60 months, which will run consecutively to any other sentence Defendant may receive. However, depending on the underlying offense and Defendant's criminal history, Defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds that Defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the Defendant is or is not a Career Offender.

D. **Criminal History:** The determination of the Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category. The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

E. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline

despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.     WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**A.     Appeal:** The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**i.     Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

**ii.     Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the Defendant within or below that range, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, as it relates to both Base Offense Level and Criminal History Category. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, determines a Sentencing Guidelines range, and sentences the Defendant within or above that range.

**B.     Habeas Corpus:** The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**C.     Right to Records:** The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records

pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

    A. **Disclosures Required by the United States Probation Office:** The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

    B. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

    C. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The Defendant understands that parole has been abolished.

    D. **Mandatory Special Assessment:** This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which the Defendant agrees to pay at the time of

sentencing. Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

  **E.** **Possibility of Detention:** The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

  **F.** **Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration, and costs of supervision. The Defendant agrees that any fine imposed by the Court will be due and payable immediately.

  **G.** **Forfeiture:** The Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The Defendant admits that all United States currency, weapons, property, and assets seized by law enforcement officials during their investigation constitute the proceeds of the defendant's illegal activity, were commingled with illegal proceeds, or were used to facilitate the illegal activity. The Defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the United States and to rebut the claims of nominees and/or alleged third party owners. The Defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

**9.** **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to

require the United States to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the United States' case and any defenses.

10.  **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly,

threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

1-6-22
Date

_____
J. CHRISTIAN GOEKE, #39462MO
Assistant United States Attorney

Case: 4:21-cr-00291-SEP   Doc. #: 43   Filed: 01/25/22   Page: 14 of 14 PageID #: 88

12-20-21
Date

_____
JAWUAN DOWDY
Defendant

12-20-21
Date

_____
MICHAEL S. GHIDINA
Attorney for Defendant

Page 14 of 14